## In re MOULTON.
### Patent Appeal No. 2285.

Court of Customs and Patent Appeals.
April 14, 1930.

Paul Carpenter, of Washington, D. C. (J. T. Basseches, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Judge.

From a decision of the Board of Appeals of the Patent Office, rejecting all of appellant's claims, twenty-four in number, which relate to motion picture method and apparatus, appeal is taken to this court. The Board of Appeals selected claims 1, 2, 3, 10, 11, and 13 as illustrative, and they are as follows:

"1. The method of projection of a motion picture series which includes interruption of the projection light during the entire time that a picture is in motion, but effecting projection during at least seven-tenths of the cycle of movement of the picture.

"2. The method of projection of motion pictures which includes bringing the pictures seriatim into position for projection and effecting more than two alternations of projection and interruption of projection during each of the cycles of such positioning, all the alternations being isochronous.

"3. The method of projection of motion pictures which includes bringing the pictures seriatim into position for projection and effecting at least two alternations of projection and interruptions of projection during each of the cycles of such positioning, all the alternations being isochronous, the total time of projection being more than one-half of said cycle."

"10. The method of projection of motion pictures which includes effecting the positioning of each picture in one-eighth of the cycle of movement of the picture into and out of position for projection.

"11. The method of projection of motion pictures which includes effecting the positioning of each picture in less than one-sixth of the cycle of movement of the picture into and out of position for projection."

"13. The method of projection of motion pictures which includes bringing the picture seriatim into position for projection at a normal rate of not less than sixteen pictures per second and effecting more than two isochronous alternations of projection and interruption of projection during each of the cycles of such positioning and effecting projection during more than one-quarter of such cycle."

The claims were rejected upon the following references:

Pross, 722,382, March 10, 1903.
Keller, 1,232,327, July 3, 1917.
Armat, 1,259,066, March 12, 1918.
Ramsey, 1,388,892, Aug. 30, 1921.
Power, 1,427,228, Aug. 29, 1922.
Watson, 1,470,407, Oct. 9, 1923.

In stating the nature of applicant's construction, the Board said:

"It is the usual practice in this class of machines to project 16 pictures per second, see Keller page 1, lines 68–70, and applicant follows the general practice in this respect. He proposes to gear the intermittent mechanism for moving the film so that the movement occupies $\frac{1}{8}$ or $\frac{1}{12}$ of the film cycle which means that, with 16 pictures per second, the movement of the picture takes place in $\frac{1}{128}$ or $\frac{1}{192}$ of a second and he uses a four blade shutter which makes a complete revolution during each film cycle, so that the movement of the film takes place during the passage of one blade and there are three obscurations of the light by the other blades while the picture is held stationary. It is explained in the brief that, as the shutter is moving with the film, the time required for making the change appears to be twice that of the periods of obscuration occurring while the film is stationary. The difference would therefore be equal to $\frac{1}{8}$ of the cycle of movement, which is too small to produce any objectionable effect. The interruption of the light during projection of the picture tends to reduce the flicker effect but this is well understood in the art, see Power page 1, lines 71–78."

Appellant states the nature of his invention as follows:

"The invention relates to a method for the projection of motion pictures having as an object the provision of the cycle to devote as great a proportion of its time for projection to obtain greatest brilliancy and minimum time in moving or framing of the series of pictures. It is contemplated that the movement of the series of pictures be at the rate of sixteen per second and causing the interruption of the light during projection to accommodate the eye to the interruption when moving the pictures to and from the frame. Applicant proposes to gear the intermittent mechanism for moving the film so that the movement of the film occupies $\frac{1}{8}$ or $\frac{1}{12}$ of the cycle, which means that with sixteen pictures per second, movement of a picture is effected in $\frac{1}{128}$ or $\frac{1}{192}$ of a second for a four-blade shutter. It is a further object of the invention to interrupt the light during the time that the picture is stationary in order that the eye may become accommodated to the alternations which occur between the projection of the picture and the movement of the picture. As obscuration occurs during the motion of the picture and this occupies $\frac{1}{8}$ or $\frac{1}{12}$ of the time of the cycle, non-isochronous flickering during the time devoted to projection would be tiring upon the eye of the observer and cause a marked phenomena of flickering. As the time element for moving the picture and its effect in moving is relatively to not only the picture frame but the shutter, the alternation occurring between the last projection and the movement of the film is one at least $\frac{1}{8}$ longer than any other alternation. Applicant has reduced the time of this last alternation to the point where the linear displacement of the film is not sensitive to the eye, nor is the difference in time of the last alternation appreciably different from the alternation during projection."

Claim 1 was rejected on Armat. Claims 2 to 9, inclusive, were rejected on Pross or Power. Claims 10, 11, and 12 were rejected on Armat or Keller. Claims 13 to 18, inclusive, were rejected on Power or on Keller, in view of Power, and claims 19 to 24, inclusive, were rejected on Power, Pross, Armat, or Keller.

In the Board's opinion, we find the following:

"We find nothing in the claims which was not known in the prior art and the differences are such as involve nothing more than

selection of old features and application of them in an obvious manner."

With this conclusion we agree. A detailed discussion of the application of the references to the claims would serve no useful purpose here. They are discussed thoroughly in the opinions of the examiner and the Board of Appeals. We think the claims were properly rejected upon the references cited, and the decision of the Board of Appeals is affirmed.

Affirmed.